Filed 10/13/23

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| LINDA GARAVENTA COLVIS et al., <br>    Plaintiffs and Respondents, <br> v. <br> LOUISA BINSWANGER, as Trustee, etc., <br>    Defendant; <br> GARAVENTA ENTERPRISES, INC., <br>    Appellant. | A166997 <br><br> (Contra Costa County <br> Super. Ct. No. MSP15-02131) |


   Garaventa Enterprises, Inc. (Company) appeals from the probate court's order finding the Company lacks standing to participate in proceedings on a trust petition filed by respondents Linda Garaventa Colvis and Joseph Garaventa (Petitioners), because the Company was not a beneficiary or a trustee.  We find, as a matter of statutory interpretation, that the Probate Code[1] authorizes "interested persons" to respond or object at or before a hearing in a trust proceeding.  We remand for the probate court to

---

[1] All undesignated statutory references are to the Probate Code.

make the discretionary determination as to whether the Company is an interested person for purposes of the relevant proceedings.

## BACKGROUND

We recite only the background facts necessary to our resolution of this appeal. During their lifetimes, Silvio Garaventa, Sr., and Mary Garaventa established the Garaventa Family Marital Trust (Trust).[2] Silvio, Sr., died in 1998 and Mary died in 2015. One of their five children, Louisa, is the trustee under the terms of the Trust. The other children are Silvio, Jr., Marie, Joseph, and Linda.

The Trust is a 70 percent shareholder of the Company. Each of the siblings own an equal share of the remaining 30 percent of the Company. A Company shareholder agreement provides that any shareholder owning more than 50 percent of the company can take various actions in their "sole discretion," including borrowing money, lending money, and transferring assets.

The Trust provides that the balance of its estate, after expenses and specific distributions, shall be distributed equally to five subtrusts benefiting, respectively, each of the five siblings and their families. Among the Trust's liabilities are outstanding loans made to the Trust by the Company. Since Mary's death, disputes have arisen among the siblings over management of the Company and administration of the Trust.

In 2022, Linda and Joseph filed a petition (Petition) to instruct Louisa, as trustee, to take specified actions, including directing the Company to borrow substantial sums of money to pay estate taxes owed by the Trust. In advance of a status hearing, the Company filed a status report responding to

---

[2] For convenience, we refer to all family members by their first names. No disrespect is intended.

the Petition. Petitioners objected to the Company's filing on the ground the Company lacked standing, and the probate court directed the Company and Petitioners to brief the issue. The court subsequently issued an order finding that because the Company was neither a trustee nor a beneficiary of the Trust, it lacked standing to participate in proceedings on the Petition.

## DISCUSSION

The parties dispute whether, under the statutory scheme, "interested persons" can respond to petitions in trust proceedings, or whether only trustees and beneficiaries can do so. We review the trial court's resolution of this statutory interpretation question de novo. (*In re Nicole S.* (2019) 39 Cal.App.5th 91, 102 ["when, as here, the appeal turns on interpretations of statutory language and applicable case authority, which present questions of law, our standard of review is de novo"].)

The Company points to section 1043, subdivision (a), which provides, "An interested person may appear and make a response or objection in writing at or before the hearing." "Interested person" is defined to include persons "having a property right in or claim against a trust estate . . . which may be affected by the proceeding." (§ 48, subd. (a)(1); see also § 20 ["Unless the provision or context otherwise requires, the definitions in this part govern the construction of this code."]; § 56 [" 'Person' means an individual, corporation, government or governmental subdivision or agency, business trust, estate, trust, partnership, limited liability company, association, or other entity."].)

Section 1043 is part of a chapter governing "the hearing of all matters under this code, except where the statute that provides for the hearing of the matter prescribes a different procedure." (§ 1040.) Petitioners argue statutes governing trust proceedings prescribe a different procedure, rendering

3

section 1043 inapplicable. Petitioners point to section 17200, subdivision (a), which provides, with exceptions not relevant here, "a trustee or beneficiary of a trust may petition the court under this chapter concerning the internal affairs of the trust or to determine the existence of the trust." While this provision governs who may *file* a petition, it does not prescribe a procedure different from section 1043 as to who may *respond or object* to such a petition.

Petitioners argue that to find section 17200 does not limit standing to object in trust proceedings would create a "loophole" because both petitions and objections to petitions constitute requests that "the court take action or not take action concerning the internal affairs of the Trust." We disagree. The Legislature may reasonably have discerned a distinction between the ability to *initiate* judicial proceedings and the ability to respond to pending proceedings. Indeed, the statutory scheme demonstrates the Legislature expressly contemplated persons other than trustees and beneficiaries could be impacted by trust proceedings, even though such proceedings can only be initiated by trustees or beneficiaries. Section 17203, subdivision (b), provides notice of a hearing on a trust petition be served "on any person, other than a trustee or beneficiary, whose right, title, or interest would be affected by the petition . . . ." We need not decide whether, as the Company argues, such persons are always "interested persons" within the meaning of section 48, or whether the right to receive notice necessarily includes the right to object or respond. (See *Estate of Davis* (1990) 219 Cal.App.3d 663, 669 ["Notice of the proceeding would be of little value if all the [recipient] could do is passively observe. The purpose of notice is to provide an interested person an opportunity to protect its interest *by participating*."].)[3] It is sufficient for our

_____

[3] We note other provisions permit persons claiming an interest in trust property to file petitions regarding the transfer of trust property. (§ 17200.1 ["All proceedings concerning the transfer of property of the trust shall be

4

purposes that the Legislature acknowledged persons other than trustees and beneficiaries could have rights or interests impacted by a trust petition and were thus entitled to notice, even though they cannot bring such petitions in the first instance.

Petitioners also rely on section 17204, subdivision (b), which provides creditors of a trust may request "special notice" of trust proceedings for certain purposes. (§ 17204, subd. (b)(1)–(2).) The statute further provides, "This section does not confer standing on [a creditor] if standing does not otherwise exist." (§ 17204, subd. (b)(4).) Although section 17204, subdivision (b) uses the term "interested person," the statute defines it "[f]or purposes of this subdivision" as "only a creditor of a trust or, if the trust has become irrevocable upon the death of a trustor, a creditor of the trustor." (§ 17204, subd. (b)(3).) Section 17204, subdivision (b) governs who is entitled to petition for *special notice* of trust proceedings, but does not prescribe a procedure different from section 1043 as to who may *respond or object* to a trust petition. We see no relevance to the issue before us.

Petitioners' authority is not to the contrary. *Patton v. Sherwood* (2007) 152 Cal.App.4th 339 held the settlor of a charitable trust had standing to object to a trust accounting as a beneficiary under the terms of the trust. (*Id.* at pp. 341, 347.) The opinion includes no discussion of whether the settlor was also an interested person or, more generally, the applicability of section 1043. "It is axiomatic that cases are not authority for propositions that are not considered." (*California Building Industry Assn. v. State Water*

conducted pursuant to the provisions of Part 19 (commencing with Section 850) of Division 2."]; see also § 850, subd. (a)(3)(A) [petitions may be filed by "any interested person" where trust property "is claimed to belong to another"].)

5

*Resources Control Bd.* (2018) 4 Cal.5th 1032, 1043.) In *Smith v. Szeyller* (2019) 31 Cal.App.5th 450, a trust's assets were divided into three subtrusts. (*Id.* at pp. 453–454.) A beneficiary of two of the three subtrusts challenged an award of fees and costs from the three subtrusts. (*Id.* at pp. 454, 456–457.) In finding substantial evidence supported the fee award, the Court of Appeal noted, "Almost 40 percent of the fee award will be paid from" the subtrust as to which the challenger was "not a beneficiary and regarding which she had no standing to object. (Prob. Code, § 17200; Code Civ. Proc., § 902.)" (*Smith*, at p. 463.) Again, the opinion included no discussion as to whether the challenger was an interested person with respect to that subtrust or whether an interested person would have standing to object.

Accordingly, we conclude that sections 48 and 1043 apply to hearings on petitions in trust proceedings, and allow interested persons to respond or object to such petitions.

The parties also dispute whether the Company is an "interested person" for purposes of proceedings on the Petition. "The probate court has flexibility in determining whether to permit a party to participate as an interested party. [Citations.] . . . 'Subdivision (a) of section 48 does not purport to provide an exclusive list of recognizable interests. Rather, it permits the court to designate as an interested person anyone having an interest in an estate which may be affected by a probate proceeding. Subdivision (b) allows the court to determine the sufficiency of that party's interest for the purposes of each proceeding conducted.[4] Thus, a party may

---

⁴ "The meaning of 'interested person' as it relates to particular persons may vary from time to time and shall be determined according to the particular purposes of, and matter involved in, any proceeding." (§ 48, subd. (b).)

qualify as an interested person entitled to participate for purposes of one proceeding but not for another.' " (*Estate of Sobol* (2014) 225 Cal.App.4th 771, 782; see also *Arman v. Bank of America* (1999) 74 Cal.App.4th 697, 702–703 ["As we can see from section 48 and the cases that have interpreted it, standing for purposes of the Probate Code is a fluid concept dependent on the nature of the proceeding before the trial court and the parties' relationship to the proceeding, as well as to the trust (or estate)."].) A probate court's ruling on whether a person has standing under section 48 is reviewed for abuse of discretion. (*Sobol*, at p. 782; *Arman,* at p. 702.)

The probate court did not determine whether the Company was an interested person for purposes of the Petition. It is appropriate for the probate court to make this discretionary determination in the first instance.

DISPOSITION

The order is reversed and remanded for the probate court to determine whether the Company is an "interested person" pursuant to section 48. The Company is awarded its costs on appeal.

7

SIMONS, J.

WE CONCUR:

JACKSON, P. J.

BURNS, J.

A166997
*Colvis v. Binswanger*

8

Trial Court:        Contra Costa County Superior Court

Trial Judge:        Hon. Virginia M. George

Counsel:

Holland & Knight, Stacie P. Nelson and Jamie B. Herren for Appellant.

Barr & Young Attorneys, Nicholas T. Maxwell, Gordon C. Young and Graham Douds for Plaintiffs and Respondents.